**Opinion issued October 1, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-13-00230-CV**

———————————

**BARRY DEWAYNE DAWSON, Appellant**

**V.**

**SHANNON LEE DAWSON, Appellee**

---

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-11733**

---

**MEMORANDUM OPINION**

Appellant, Barry Dewayne Dawson, attempts to appeal from the trial court's judgment signed November 30, 2012. We dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is

extended to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *Id*.; TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Here, the trial court signed the final judgment on November 30, 2012. Dawson timely filed a motion for new trial on December 29, 2012. *See* TEX. R. CIV. P. 329b. Therefore, Dawson's notice of appeal was due by February 28, 2013. *See* TEX. R. APP. P. 26.1.

Dawson untimely filed his notice of appeal, which was not signed by Dawson or his counsel, on March 16, 2013.[1] Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

---

[1] The deadline for filing Dawson's notice of appeal with an implied 15-day extension was March 15, 2013. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Therefore, Dawson's notice of

2

On July 24, 2013, we notified Dawson that his appeal was subject to dismissal for want of jurisdiction unless, by August 5, 2013, he filed a response showing that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a). Dawson has not filed an adequate response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

---

appeal, filed on March 16, 2013, was untimely. Dawson, however, certified in the certificate of service accompanying his notice of appeal, which was not signed, that the notice was served on Shannon Lee Dawson, via facsimile, on March 15, 2013. Nevertheless, nothing in the record demonstrates that the notice was either filed on March 15, 2013 or filed in a manner that made the filing date effective as of March 15, 2013. *See* TEX. R. APP. P. 9.2(b), 26.1, 26.3. Further, even if Dawson's notice of appeal had been filed within the time period for an implied motion for extension, he was still required to offer a reasonable explanation of the need for an extension. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). On July 24, 2013 we notified Dawson that his appeal was subject to dismissal for want of jurisdiction unless, by August 5, 2013, he filed a response providing a reasonable explanation for untimely filing the notice of appeal. Dawson has not responded to this notice, nor has he offered any explanation of the need for an extension.